United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| High Tech National, LLC and | ) | |
| Automotive Key Controls, LLC, | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No. 20-22857-Civ-Scola |
| v. | ) | |
| | ) | |
| Jay Wiener and others, | ) | |
| Defendants. | ) | |

**Order on Motion to Dismiss**

Now before the Court is Defendant Sonia Wiener's motion to dismiss Count XLV of the Plaintiffs' second amended complaint. The Defendant filed her motion on November 5, 2020, and the Plaintiffs filed their response on November 19, 2020. The Defendant did not file a reply. For the reasons set forth below, the Court **denies** the Defendant's motion. (**ECF No. 137**.)

**1. Background**

Sonia Wiener, the now ex-wife of Jay Wiener, is one of the over 30 Defendants the Plaintiffs have sued for playing some role in Mr. Wiener's alleged scheme to defraud the Plaintiffs, High Tech National, LLC ("HTL") and Automotive Key Controls, LLC ("AKC"). The Plaintiffs allege that in December 2013, Jay Wiener sold his companies HTL and AKC to KAR Auction Services, Inc. (ECF No. 92, at ¶ 5.) Following this sale, Mr. Weiner stayed on as CEO of both companies and while in that position allegedly "began a scheme to harm HTL and AKC through a pattern of fraud, self-dealing, and misappropriation of corporate assets." (ECF No. 92, at ¶¶ 6-7.) Mr. Wiener was terminated as CEO of HTL and AKC on April 23, 2019. (ECF No. 92, at ¶¶ 11, 75.)

Sonia Wiener was married to Jay Wiener from 2013 through June 8, 2020. (ECF No. 142, at 1.) On November 17, 2016, Ms. Wiener filed for divorce from her husband and their divorce became final on June 8, 2020 after the Wieners entered into a non-public settlement agreement. (ECF No. 92, at ¶¶ 77, 81.) During the pendency of the divorce, HTL and AKC sought to intervene in the Wiener's divorce proceedings in an attempt to "protect their assets from being included as part of the marital estate and distributed to S[onia] Wiener." (ECF No. 92, at ¶ 79.) The divorce court judge overseeing the Wiener's divorce proceedings did not allow HTL and AKC to intervene, but according to Plaintiffs, "acknowledged that HTL and AKC would be entitled to sue S[onia]

Wiener for disgorgement once an allocation was made." (ECF No. 92, at ¶ 80.) As further support for their claims that Ms. Wiener may have received property belonging to HTL and AKC, the Plaintiffs note that on "August 19, 2019, S[onia] Wiener filed an Amended Petition for Dissolution of Marriage and added A[llan] Wiener as a third-party defendant, alleging that [Jay] Wiener was using A[llan] Wiener's corporations to hide assets." (ECF No. 92, at ¶ 78.)

Based on the above, the Plaintiffs have asserted a claim for unjust enrichment against Sonia Wiener, Count XLV of the Plaintiffs' second amended complaint. In support of their claim, the Plaintiffs further allege that: Ms. Wiener "received assets that rightfully belong to HTL and AKC" as a result of her divorce settlement, she was aware of this fact even if she was otherwise contemporaneously unaware of her ex-husband's alleged wrongdoing as a result of HTL and AKC's attempts to intervene in the Wiener's divorce proceedings, and she voluntarily accepted and retained these assets. (ECF No. 92, at ¶¶ 708-710.) On that basis, the Plaintiffs conclude that Ms. Wiener has been unjustly enriched at the Plaintiffs' expense.

### 2. Legal Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Under Federal Rule of Civil Procedure 8, a pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *Id.*

In applying the Supreme Court's directives in *Twombly* and *Iqbal*, the Eleventh Circuit has provided the following guidance to the district courts:

> In considering a motion to dismiss, a court should 1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. Further, courts may infer from the factual

allegations in the complaint obvious alternative explanation[s], which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer.

*Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (citations omitted). "This is a stricter standard than the Supreme Court described in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), which held that a complaint should not be dismissed for failure to state a claim 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Mukamal v. Bakes*, 378 F. App'x 890, 896 (11th Cir. 2010). These precepts apply to all civil actions, regardless of the cause of action alleged. *Kivisto*, 413 F. App'x at 138.

### 3. Analysis

Ms. Wiener first seeks to defeat Count XLV of the complaint by alleging it is an impermissible shotgun pleading. As support for this claim, Ms. Wiener argues that the Plaintiffs' second amended complaint asserts mere conclusory statements which lump Ms. Wiener in with other Defendants. The Eleventh Circuit has identified "four rough types . . . of shotgun pleadings." *Wilson v. NCL Bahamas*, 18-25203-Civ, 2019 WL 2106470 (S.D. Fla. May 14, 2019) (Goodman, Mag. J.) (quoting *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015)). Among such impermissible pleadings are where a plaintiff commits "the venial sin" of having a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action" or where a plaintiff asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* Upon review of the complaint, the Court finds that Plaintiffs' allegations to be neither vague nor conclusory and notes that Count XLV of the complaint is clearly alleged against Sonia Wiener and that Ms. Wiener is not lumped in with other defendants in other counts of the Plaintiffs' complaint. Indeed, the first sentence of the introduction of Ms. Wiener's motion notes that the Plaintiffs' second amended complaint contains "45 causes of action" and "only one count . . . is against Sonia." (ECF No. 137, at 1.) Moreover, Count XLV incorporates by references only those paragraphs which pertain to the Plaintiffs' single claim against Ms. Wiener. (*See* ECF No. 92, at ¶ 707 ("HTL and AKC incorporate Paragraphs 36 and 76-81 by reference as if fully set forth herein.".) Simply put, the Plaintiffs' complaint is far from a shotgun pleading. Contrary to the Defendant's assertions, the Court finds the Plaintiffs' complaint is well-plead.

As the Court finds the Plaintiffs' complaint is not an impermissible shotgun pleading, the Court proceeds to adjudicate the merits of the Plaintiffs' claim for unjust enrichment with respect to Sonia Wiener under the familiar Rule 12(b)(6) standard. To plead a claim for unjust enrichment a plaintiff must allege the following elements: "(1) the plaintiff has conferred a benefit on the defendant; (2) the defendant has knowledge of the benefit; (3) the defendant has accepted or retained the benefit conferred; and (4) the circumstances are such that it would be inequitable for the defendant to retain the benefit." *Fibertex v. New Concepts Distributors Int'l, LLC*, No. 20-20720-Civ, 2020 WL 7059358, at *3 (S.D. Fla. Dec. 2, 2020) (Scola, J.). Claims for unjust enrichment are "equitable in nature" and are intended to provide "restitution where one person has been unjustly enriched at the expense of another." *Duty Free World, Inc. v. Miami Perfume Junction, Inc.*, 253 So. 3d 689, 693-94 (3d Fla. Dist. Ct. App. 2018).

Here, the second amended complaint alleges that HTL and AKC assets held by Jay Wiener were distributed to Ms. Wiener pursuant to the Wiener's non-public divorce settlement. As Ms. Wiener received certain of her ex-husband's assets from her divorce, the Plaintiffs claim that Ms. Wiener is now in possession of and benefitting from assets that rightfully belong to HTL and AKC. That the HTL and AKC assets Ms. Wiener is now allegedly in possession of passed to her through her ex-husband does not prevent the Plaintiffs' unjust enrichment claim. *See Absolute Activist Value Master Fund Limited v. Devine*, 2:15-cv-328-FtM-29DNF, 2015 WL 12838168, at *22 (M.D. Fla. July 1, 2015) ("[t]he fact that the benefits conferred on [the defendant] by the [plaintiff] passed through [a third-party] does not preclude plaintiffs' unjust enrichment claim"); *see also Williams v. Wells Fargo Bank, N.A.*, No. 11-21233-Civ, 2011 WL 4901346, at *5 (S.D. Fla. Oct. 14, 2011) (Altonaga, J.) ("[i]t would not serve the principles of justice and equity to preclude an unjust enrichment claim merely because the 'benefit' passed through an intermediary before being conferred on a defendant"). Taking the second amended complaint's allegations as true, the Court finds that the Plaintiffs have adequately stated a claim for unjust enrichment. Specifically, the Plaintiffs' allegations that: they conferred a benefit upon Jay Wiener that flowed to Ms. Wiener as a result of her divorce settlement with her now ex-husband, she had knowledge of such benefit given HTL and AKC's attempted intervention in the Wiener's divorce proceedings, and she accepted or retained such benefit are sufficient to support the Plaintiffs' claim against Ms. Wiener for unjust enrichment. The Court agrees with the Plaintiffs that if Mr. Wiener indeed committed the fraud the Plaintiffs allege, it would be inequitable for Ms. Wiener to be allowed to keep his ill-gotten gains to the detriment of the Plaintiffs.

**4. Conclusion**

In sum, the Court **denies** the Defendant Sonia Wiener's motion to dismiss. (**ECF No. 137**.)

**Done and ordered**, in chambers at Miami, Florida, on January 7, 2020.

Robert N. Scola, Jr.
United States District Judge